Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Constance Van Kley
Rylee Sommers-Flanagan
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
406-306-0330
constance@uppersevenlaw.com
rylee@uppersevenlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| STONEY CORCORAN, | ) | CV 21-124-M-DWM |
| | ) | |
| Plaintiff, | ) | CV 22-127-M-DWM |
| | ) | |
| v. | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| LAKE COUNTY, MONTANA; | ) | |
| SHERIFF DON BELL; and DOES | ) | |
| 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to the Court's Order of October 3, 2022, in the matter titled *In re Conditions at Lake County Jail*, CV 22-127-M-DWM (Doc. 43), counsel files this Amended Complaint, differentiating between Plaintiff's consolidated claims and individual claims.

## Jurisdiction & Parties

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 USC §1343(a)(3), and pendent jurisdiction over Plaintiff's state claims.

2. Plaintiff is an adult citizen of the United States who was confined in the Lake County Jail in 2021 and 2022.

3. Defendant Lake County is the political subdivision of the State of Montana that owns and operates the jail.

4. Defendant Donald Bell is the Lake County Sheriff, and is responsible by law for the management and control of the jail, and the custody and care of the inmates confined in the jail.

5. Defendants Does 1–10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or

violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

6. Defendant Bell and Defendants Does 1–10 acted under color of state law at all times relevant to Plaintiff's individual claim for relief.

### Allegations & Claims Shared with Other Members of the Consolidated Class

7. During his term of confinement at the Lake County Jail, Plaintiff suffered from the unsafe and unsanitary conditions of confinement detailed in the Consolidated Complaint filed in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

8. Plaintiff alleges Counts 1, 2, and 4, as identified in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

### Individual Allegations & Claim for Relief

9. Plaintiff brings claims alleging violations of his rights under the First, Eighth, and Fourteenth Amendments.

10. On March 23, 2021, Plaintiff was arrested and taken to the Lake County jail. He has several broken ribs when he arrived at the jail.

11. Plaintiff was and is a non-violent offender. He has never been charged or convicted of a crime of violence.

12. Plaintiff is disabled. He has chronic back injuries for which he received Social Security disability payments prior to his incarceration.

13. Plaintiff has been diagnosed with degenerative joint disease, sciatica, scoliosis, and bone spurs, as well as some mental health diseases.

14. Upon his arrival at the Lake County jail, Defendants refused to fill Plaintiff's medical prescriptions for chronic pain and mental health issues and cut him off his medications completely, without any gradual decrease in dosages or substitution of medications.

15. Plaintiff's doctor found out that Defendants had taken Plaintiff off his medications and wrote Defendants a letter threatening legal action if Defendants did not restore or replace Plaintiff's medication regime.

16. There are no handrails to help disabled persons like me to access the showers, in violation of the Americans with Disabilities Act. Moreover, the showers have a step up to enter and exit, and the floors are notably slippery, also in violation of the Americans with Disabilities Act.

17. There are no cells or cell block areas compliant with the Americans with Disabilities Act.

18. Lake County's practice of failing to offer reasonable bail commensurate with defendants' incomes to non-violent offenders has caused overcrowding in the jail.

19. Lake County's practice of failing to offer reasonable bail commensurate with defendants' incomes to non-violent offenders violates their Fourteenth Amendment rights to equal protection and due process of law.

20. Moreover, prosecutors extend deadlines to force inmates to endure the harsh conditions of the Lake County jail in an overt attempt to make the inmates agree to plea agreements just to escape the harsh conditions of the jail.

21. Plaintiff filed grievances for these issues and has exhausted the grievance process.

22. Plaintiff seeks relief under 42 USC § 1983 and the Americans with Disabilities Act.

## Prayer for Relief

For all of the above-stated reasons, Plaintiffs and Class Members request that this Court award the following relief:

1. Issue final declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Defendants have violated Plaintiff's rights secured by the constitutions and laws of the United States;

2. Provide injunctive relief requiring Defendants to comply with access and accommodation requirements of the Americans with Disabilities Act.

3. Award damages in a reasonable amount to compensate Plaintiff fully for deprivation of his constitutional rights;

4. Award damages in a reasonable amount to compensate Plaintiff fully for all injuries;

5. Award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §12205.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Dated October 31, 2022

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

/s/Constance Van Kley

UPPER SEVEN LAW

Attorneys for Plaintiffs
