# Exhibit A

## Stoney Corcoran's Second Amended Complaint (CV 21-124-M-DWM)

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Dimitrios Tsolakidis
Constance Van Kley
Rylee Sommers-Flanagan
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
406-306-0330
dimitrios@uppersevenlaw.com
constance@uppersevenlaw.com
rylee@uppersevenlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STONEY CORCORAN, | CV 21-124-M-DWM |
| Plaintiff, | |
| vs. | |
| | **SECOND AMENDED COMPLAINT** |
| LAKE COUNTY, MONTANA; SHERIFF DON BELL; D.O. JAMES BOYD; D.O. KATRINA RODGERS; CMDR. JOEL SHEARER; CMDR. JOHN TODD; LOU BRENNER; CPL. MILLER; and DOES 1–10, | |
| Defendants. | |

## Jurisdiction & Parties

1. This Court has jurisdiction over Plaintiff Stoney Corcoran's federal claims pursuant to 28 U.S.C. § 1343(a)(3).

2. Corcoran is an adult citizen of the United States who was confined in the Lake County Jail between March 2021 and December 2021.

3. Defendant Lake County is the political subdivision of the State of Montana that owns and operates the jail.

4. Defendant Don Bell is the Lake County Sheriff and is responsible by law for the management and control of the jail and the custody and care of the inmates confined in the jail.

5. Defendants D.O. James Boyd and D.O. Katrina Rodgers were detention officers in the jail during Corcoran's confinement.

6. Defendant Lou Brenner was the physician assistant ("PA") assessing inmates in the jail during Corcoran's confinement.

7. Defendants Cmdr. Joel Shearer and Cmdr. John Todd were commanders of the jail during Corcoran's confinement.

8. Defendant Cpl. Miller was a corporal in the jail during Corcoran's confinement.

9. Defendants Does 1–10 are individuals whose true identities and capacities are as yet unknown to Corcoran and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged here and who in some manner or form not currently discovered or known to Corcoran may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

10. Defendants Bell, Boyd, Rodgers, Brenner, Shearer, Todd, Miller, and Does 1–10 acted under color of state law at all times relevant to Corcoran's claims.

## Facts

11. Corcoran was a pretrial detainee in the Lake County Jail between March 2021 and December 2021.

12. Corcoran is severely disabled and has been on Social Security Disability Insurance since 2006.

13. Corcoran suffers from degenerative joint disease, sciatica, scoliosis, bone spurs, nerve damage, and a crushed vertebra, and he lives with chronic back and joint pain.

14. Corcoran's impairments substantially limit many major life activities, such as standing, sleeping, walking, using the bathroom, showering, and lifting heavy items.

15. At the time of Corcoran's confinement in the jail, the inmates slept on mats.

16. In 2021, the jail had two types of mats: gray mats and blue mats. The gray mats were approximately six inches tall and had a built-in pillow. The blue mats were thinner—like a heavy blanket—and did not have any built-in pillows.

17. When Corcoran arrived at the jail, he was initially provided a gray mat; however, the mat had a hole in it, it was missing stuffing, and the pillow appeared to have been removed.

18. Immediately after his initial booking at the jail, Corcoran notified Cpl. Miller that he was disabled and required accommodations.

19. On March 23, 2021, Corcoran asked Cpl. Miller for an extra mat to stack on top of his other mat because of his disability. He informed Cpl. Miller that he has "chronic, debilitating, or severe" medical issues and that his "spine is messed up."

20. That same day, Comdr. Shearer ordered Cpl. Miller to deny Corcoran's request for an extra mat.

21. Cpl. Miller also consulted with PA Brenner, and PA Brenner also denied Corcoran's request for an extra mat.

22. Cpl. Miller did not give Corcoran a reasonable explanation for the denial of a second mat.

23. Corcoran grieved the issue regarding his mat on March 26, 2021. Specifically, he wrote, "I am disabled, overweight, and have broken ribs and bruised from head to toe. Can I please have a second mattress—I cannot sleep."

24. D.O. Rodgers denied Corcoran's March 26 grievance the same day it was submitted.

25. D.O. Rodgers did not provide a reasonable explanation for denying Corcoran's grievance.

26. Corcoran requested a second mat again on April 5, 2021, but Cpl. Miller denied his request.

27. Cpl. Miller again failed to provide Corcoran a reasonable justification for denying his request.

28. On April 14, 2021, Corcoran told D.O. Boyd that he needed a second mattress due to his disabilities. Specifically, Corcoran explained that he has nerve damage, which results in incontinence and is exacerbated by being forced to sleep on a very thin mat.

29. D.O. Boyd denied Corcoran's April 14 request and, in response to Corcoran's concerns about incontinence, threatened to place Corcoran in isolation.

30. Later that same day, on April 14, Cpl. Miller replaced Corcoran's gray mat with a blue mat—an even worse mat than the previous one—and took away the gray mat.

31. As a result of Cpl. Miller's actions, Corcoran was forced to use a thinner mat, and he still only had one mat.

32. Corcoran refrained from filing additional grievances related to his mat because he feared further retaliation.

33. Corcoran also refrained from showering regularly in the jail because the showers were not easily accessible.

34. The showers at the jail did not have handrails when Corcoran was confined there.

35. The showers at the jail had slippery steps when Corcoran was confined there.

36. Throughout his confinement, Corcoran continually complained about difficulties he was experiencing related to his disability, but nothing was done to accommodate him.

37. Corcoran experienced insomnia, increased pain, and discomfort at the jail, and he did not have access to the same services, programs, or activities as other inmates.

38. Corcoran exhausted all administrative processes.

### Count I: Violation of Americans with Disabilities Act
### (42 U.S.C. §§ 12101–12213)

39. Corcoran seeks relief under 42 U.S.C. § 12132.

40. Corcoran is a qualified individual with a disability because his degenerative joint disease, sciatica, scoliosis, bone spurs, nerve damage, and crushed vertebra limit many major life activities, including sleeping and showering.

41. Corcoran was excluded from or denied the benefits of Lake County Jail's services, programs, or activities because he was unable to sleep and shower regularly.

*Second Amended Complaint* 7

Case 9:21-cv-00124-DWM Document 30-1 Filed 05/10/24 Page 9 of 12

42. Corcoran was excluded from or denied these benefits at the Lake County Jail because of his disability and despite his many requests for accommodations.

43. Defendants were deliberately indifferent to Corcoran's disability-related pain and suffering because Corcoran alerted Defendants to his need for accommodation, and Defendants intentionally ignored his needs.

44. On the contrary, Defendants took actions that made Corcoran's participation in Lake County Jail's services, programs, or activities even more difficult.

45. The individual Defendants acted under color of state law.

46. At the time of the incidents giving rise to Corcoran's claims, Lake County had policies or widespread or longstanding practices of denying accommodations to disabled detainees. Defendants acted pursuant to those policies or practices when they discriminated against Corcoran.

47. Defendants violated Corcoran's right to be free from discrimination on the basis of disability, under the Americans with Disabilities Act.

### Count II: Violation of First Amendment Rights (Retaliation)

48. Corcoran seeks relief under 42 U.S.C. § 1983.

*Second Amended Complaint*  8

49. Corcoran alleges violations of his rights under the First Amendment to the United States Constitution.

50. Corcoran has a First Amendment right to seek redress of grievances from jail authorities.

51. Defendants took adverse action against Corcoran by taking away his gray mat and giving him a blue mat—a mat in worse condition—after Corcoran filed a grievance for being denied a disability accommodation.

52. Defendants' retaliatory conduct chilled Corcoran's exercise of his First Amendment rights.

53. Defendants' retaliatory conduct did not reasonably advance a legitimate correctional goal: Defendants made Corcoran's conditions of confinement <u>worse</u> by giving him a thinner mat with no built-in pillow after he complained that he could not sleep on the gray mat due to his disability.

54. The individual Defendants acted under color of state law.

55. At the time of the incidents giving rise to Corcoran's claims, Lake County had policies or widespread or longstanding practices of mistreating inmates who exercised their First Amendment right to file

grievances. The individual Defendants acted pursuant to those policies or practices when they retaliated against Corcoran.

56. Defendants violated Corcoran's First Amendment right to file grievances while incarcerated.

## Prayer for Relief

For the above-stated reasons, Corcoran requests that this Court award the following relief:

1. Final declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Defendants have violated Corcoran's rights secured by the constitution and laws of the United States;

2. Damages to compensate Corcoran fully for the deprivation of his constitutional rights;

3. Damages to compensate Corcoran fully for all injuries;

4. Corcoran's reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

5. All such other relief that the Court deems proper and just.

## Jury Demand

Corcoran demands a jury trial on all issues so triable.

Dated this 10th day of May, 2024.

    /s/ *Dimitrios Tsolakidis*
Dimitrios Tsolakidis
UPPER SEVEN LAW

    /s/ *Timothy M. Bechtold*
Timothy M. Bechtold
BECHTOLD LAW FIRM

*Attorneys for Plaintiff*